UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: POWER MORCELLATOR
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2652

TRANSFER ORDER

**Before the Panel:** Plaintiffs in six actions in five districts move under 28 U.S.C. § 1407 to centralize pretrial proceedings in twenty actions in the District of Kansas.[1]  Alternatively, they seek centralization of only the actions involving the Ethicon defendants.[2]  The twenty actions on the motion include fifteen actions involving the Ethicon defendants, listed on Schedule A, and five actions that do not involve the Ethicon defendants, listed on Schedule B.[3]

Plaintiffs in four actions support centralization of all actions or, alternatively, the creation of manufacturer-specific MDLs.  They variously support the District of Kansas, the District of South Carolina, or the Southern District of Illinois as transferee district, in the first instance or in the alternative.  Plaintiff in one action suggests centralization of only the actions naming Ethicon in the District of South Carolina.  Plaintiffs in one District of Colorado action (*Minihan*) and one District of New Jersey potential tag-along action (*Ruscitto*) oppose inclusion of their actions in centralized proceedings.

Defendants all oppose the motion.  Specifically, the Richard Wolf defendants[4] oppose centralization.  The Karl Storz defendants[5] oppose centralization and oppose the selection of the

---

[1]     Two additional actions were included in the motion for centralization.  These cases have been dismissed.

[2]     Johnson & Johnson; Johnson & Johnson Services; Ethicon, Inc.; and Ethicon Endo-Surgery, Inc. (together, Ethicon).

[3]     The Panel is aware of thirteen additional related federal actions that name Ethicon as a defendant and are pending in seven additional district courts.  These actions and any other related federal actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[4]     Richard Wolf GmbH and Richard Wolf Medical Instruments Corp.

[5]     Karl Storz Endoscopy-America, Inc., Karl Storz Endovision, Inc., and Karl Storz GmbH & Co. KG.

-2-

District of Kansas or the Southern District of Illinois as transferee district.  The Gyrus defendants[6] oppose centralization or inclusion of the action naming Gyrus as defendants.  Finally, Ethicon opposes the creation of an industry-wide MDL, opposes an Ethicon-only MDL, and opposes the selection of the District of Kansas or the Southern District of Illinois as the transferee district.

After considering the argument of counsel, we find that the actions in this litigation naming Ethicon as a defendant involve common questions of fact, and that centralization of these actions in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  These actions all involve common factual questions arising from allegations that (1) defects in the design of Ethicon's power morcellators made laparoscopic hysterectomy or myomectomy procedures more likely to result in the dissemination and upstaging of occult cancer or other conditions, and (2) Ethicon failed to warn patients adequately of these risks given the FDA's recent communication discouraging the use of power morcellation for treatment of uterine fibroids and revising the risk that uterine fibroids were actually sarcoma to 1 in 350.  Centralization will eliminate duplicative discovery, avoid inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice), and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Ethicon argues that unique factual questions regarding plaintiffs will overshadow any common questions of fact.  We disagree.  Though the actions may present individual factual issues, "this is usually true of products liability cases and medical device cases, in particular."  *In re: Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 949 F. Supp. 2d 1373, 1375 (J.P.M.L. 2013).  These actions involve common factual questions surrounding the design, testing, manufacture, and marketing of Ethicon's power morcellators, including the warnings accompanying those devices and whether they should have included a bag to contain tissue.  Most actions also involve common factual questions regarding the risk that women undergoing hysterectomies and myomectomies had occult cancer, and what Ethicon knew about that risk and when.  Discovery, including expert discovery, will overlap with respect to these common issues.

Ethicon also argues that there are not enough actions pending to warrant centralization, the number of new cases will remain low, and informal coordination can minimize any overlap in discovery and pretrial proceedings.  There are now at least 28 actions naming Ethicon as a defendant.  We find this to be a sufficient number of pending actions to warrant centralization, given the complexity of anticipated overlapping fact and expert discovery.  Additionally, it is estimated that, in the United States, 650,000 women per year undergo a surgical myomectomy or hysterectomy for the management of symptomatic uterine fibroids, and in recent years, prior to the FDA's safety communication regarding power morcellation, laparoscopic procedures with power morcellation had increasingly been used rather than conventional methods.

We agree with Ethicon and other parties that an industry-wide MDL is not appropriate.  While there will be some factual issues as to the risk of occult cancer in women undergoing

---

[6]      Gyrus ACMI, LP and Gyrus ACMI, LLC.

-3-

hysterectomies and myomectomies that are common to all defendants, we find that the individual issues that result from the differences among each defendant's power morcellator with respect to product design, development, testing, warnings, and marketing will predominate over the common issues. We have held that we are "typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold [allegedly] similar products." *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012). There are no circumstances—such as an alleged conspiracy—that would override that hesitation here.

There are two actions that name Karl Storz as well as Ethicon as defendants. We will include those actions in their entirety in the MDL, as separation of claims could create confusion and inefficiency concerning causation and liability. At oral argument, certain plaintiffs' counsel suggested that there would be few of these multi-defendant actions, and that most involved issues of product identification and ultimately would involve only one manufacturer as a defendant. We find that including these few multiple defendant actions will not cause undue burden for the parties.

Plaintiff in the District of Colorado *Minihan* action requests exclusion from the MDL. She recently discovered a recurrence of her cancer and is concerned that inclusion in MDL proceedings will delay her action.[7] While we are sympathetic to arguments regarding the advanced stage of plaintiff's illness and the related need for prompt resolution of her claims, these arguments are best addressed by the transferee judge. If the transferee judge is of the opinion that *Minihan* (or any other transferred action) is either sufficiently advanced and ready for trial or, for other reasons, will no longer benefit from inclusion in the centralized proceedings, then we encourage her to promptly suggest that the Panel remand such action to the transferor court. *See* Panel Rule 10.1(b).

We are persuaded that the District of Kansas is an appropriate transferee district for this nationwide litigation. This district is centrally located and easily accessible for all parties. Furthermore, centralization in this district allows us to assign the litigation to a skilled and efficient jurist with a wealth of MDL experience.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Kansas, and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of the actions listed on Schedule B is denied.

IT IS FURTHER ORDERED that this litigation is renamed as *IN RE: Ethicon, Inc., Power Morcellator Products Liability Litigation*.

---

[7]     Another plaintiff and healthcare defendants in a potential tag-along action have opposed inclusion of that action (*Ruscitto*) in MDL proceedings. *Ruscitto* does not involve Ethicon as a defendant and, therefore, it will not be placed on a conditional transfer order in this docket.

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

**IN RE: POWER MORCELLATOR**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2652

## SCHEDULE A

District of Colorado

MINIHAN v. ETHICON, INC., ET AL., C.A. No. 1:15-00695

Southern District of Florida

KOTIS v. ETHICON, INC., ET AL., C.A. No. 0:15-60566

Northern District of Georgia

GALAMBOS, ET AL. v. ETHICON, INC., ET AL., C.A. No. 1:15-01046

District of Kansas

SHAFER, ET AL. v. ETHICON, INC., ET AL., C.A. No. 2:14-02633

Eastern District of Louisiana

PHILLIPS v. ETHICON ENDO-SURGERY, INC., ET AL., C.A. No. 2:15-01310

District of Maryland

CARADORI, ET AL. v. ETHICON-ENDO SURGERY, INC., ET AL., C.A. No. 8:14-03198

District of New Jersey

WHITEHEAD, ET AL. v. ETHICON, INC., ET AL., C.A. No. 3:15-03980
SMITH, ET AL. v. ETHICON, INC., ET AL., C.A. No. 3:15-03988

Western District of New York

LEUZZI, ET AL. v. ETHICON ENDO SURGERY, INC., ET AL., C.A. No. 6:14-06218

Eastern District of Pennsylvania

JOHNSON v. ETHICON, INC., ET AL., C.A. No. 2:15-00553

- A2 -

**MDL No. 2652 Schedule A (Continued)**

Middle District of Pennsylvania

SANDERS, ET AL. v. ETHICON, INC., ET AL., C.A. No. 1:15-00782

District of South Carolina

OSTRANDER v. ETHICON, INC., ET AL., C.A. No. 6:15-00516
PHILLIPS, ET AL. v. ETHICON, INC., ET AL., C.A. No. 7:15-02114

Middle District of Tennessee

SCHROEDER v. ETHICON ENDO SURGERY, INC., C.A. No. 3:14-02389

Western District of Wisconsin

BARNETT v. KARL STORZ ENDOSCOPY-AMERICA, INC., ET AL.,
C.A. No. 3:15-00242

**IN RE: POWER MORCELLATOR**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2652

## SCHEDULE B

Eastern District of California

NIELSEN, ET AL. v. GYRUS ACMI, LP, ET AL., C.A. No. 2:14-02375

Northern District of California

SALEM-ROBINSON, ET AL. v. RICHARD WOLF MEDICAL INSTRUMENTS
    CORPORATION, C.A. No. 5:14-02209

Northern District of New York

BOBLETZ v. KARL STORZ ENDOSCOPY-AMERICA, INC., ET AL.,
    C.A. No. 3:14-01024

District of South Carolina

GOURDINE, ET AL. v. KARL STORZ ENDOSCOPY-AMERICA, INC., ET AL.,
    C.A. No. 2:14-04839
WATKINS v. KARL STORZ ENDOSCOPY-AMERICA, INC., ET AL.,
    C.A. No. 3:15-01585